IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-cv-22124-Huck/Bandstra

Great Florida Bank,

    Plaintiff,

vs.

Countrywide Home Loans, Inc.,
Countrywide Securities Corp., and
BAC Home Loans Servicing, LP
(f/k/a Countrywide Home Loans
Servicing, LP),

    Defendants.
_____/

## DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BAC HOME LOANS SERVICING, LP'S AMENDED ANSWER TO COUNTS II, III, IV AND V OF THE FOURTH AMENDED COMPLAINT

Subject to the Motion to Dismiss Count I of the Fourth Amended Complaint [D.E. 134], Defendants Countrywide Home Loans, Inc. ("CHL") and BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing, LP) ("BACHLS") (collectively CHL and BACHLS are referred to as "Defendants"), by and through their undersigned counsel, hereby answer the allegations as to Counts II, III, IV and V in Plaintiff Great Florida Bank's ("GFB") Fourth Amended Complaint. Defendants answer the allegations in the like-numbered Paragraphs and subparagraphs of the Fourth Amended Complaint as follows:[1]

---

[1] This Answer is made without waiving, and expressly reserving, all rights that CHL, BACHLS and Countrywide Securities Corp. ("CSC") have to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Fourth Amended Complaint. Moreover, no response is required by CHL and CSC to the allegations in Paragraphs 156-171 of the Fourth Amended Complaint because Plaintiff's claims for fraudulent inducement/fraudulent concealment (Third Amended Complaint, First Cause of Action) were previously dismissed by Order dated February 3, 2011 (D.E. 107) and CHL and CSC are moving to dismiss those claims in the Fourth Amended Complaint.

1. As the allegations in Paragraphs 1-10 are not related to or incorporated into Counts II, III, IV or V, no answer is required until the resolution of Defendants' Motion to Dismiss Count I of Plaintiff's Fourth Amended Complaint. To the extent an answer is required, Defendants deny all allegations contained in these paragraphs.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Fourth Amended Complaint and therefore deny such allegations.

12. Defendants deny the allegation contained in the second sentence of Paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 of the Fourth Amended Complaint and therefore deny such allegations.

13. Defendants deny the allegations of Paragraph 13 of the Fourth Amended Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Fourth Amended Complaint.

15. As the allegations in Paragraphs 15-87 are not related to or incorporated into Counts II, III, IV or V, no answer is required until the resolution of Defendants' Motion to Dismiss Count I of Plaintiff's Fourth Amended Complaint. To the extent an answer is required, Defendants deny all allegations contained in these paragraphs.

88. Defendants admit the allegations of Paragraph 88 of the Fourth Amended Complaint.

89. Defendants deny the allegations of Paragraph 89 of the Fourth Amended Complaint.

90. Defendants deny the allegations of Paragraph 90 of the Fourth Amended Complaint.

91. Defendants admit the allegations of Paragraph 91 of the Fourth Amended Complaint.

92. Defendants admit the allegations of Paragraph 92 of the Fourth Amended Complaint.

93. Defendants admit the allegations of Paragraph 93 of the Fourth Amended Complaint.

94. Defendants admit that the documents attached as Exhibit B contain the language quoted in Paragraph 94 of the Fourth Amended Complaint, but deny the remaining allegations in Paragraph 94.

95. Defendants admit the allegations of Paragraph 95 of the Fourth Amended Complaint.

96. Defendants admit the allegations of Paragraph 96 of the Fourth Amended Complaint.

97. Defendants deny the allegations of Paragraph 97 of the Fourth Amended Complaint.

98. Defendants admit the allegations of Paragraph 98 of the Fourth Amended Complaint.

99. Defendants admit the allegations in the first sentence of Paragraph 99 of the Fourth Amended Complaint, but deny the remaining allegations of Paragraph 99 of the Fourth Amended Complaint.

100. Defendants admit the allegations of Paragraph 100 of the Fourth Amended Complaint.

101. Defendants admit that Section 3.02(a) of the document attached as Exhibit A contains the language quoted in Paragraph 101 of the Fourth Amended Complaint, but deny all other allegations.

102. Defendants admit that Section 3.02(g) of the document attached as Exhibit A contains the language quoted in Paragraph 102 of the Fourth Amended Complaint, but deny all other allegations.

103. Defendants admit that Section 3.02(n) of the document attached as Exhibit A contains the language quoted in Paragraph 103 of the Fourth Amended Complaint, but deny all other allegations.

104. Defendants admit that Section 3.02(p) of the document attached as Exhibit A contains the language quoted in Paragraph 104 of the Fourth Amended Complaint, but deny all other allegations.

105. Defendants admit that Section 3.02(q) of the document attached as Exhibit A contains the language quoted in Paragraph 105 of the Fourth Amended Complaint, but deny all other allegations.

106. Defendants admit that Section 3.02(t) of the document attached as Exhibit A contains the language quoted in Paragraph 106 of the Fourth Amended Complaint, but deny all other allegations.

107. Defendants admit that Section 3.02(v) of the document attached as Exhibit A contains the language quoted in Paragraph 107 of the Fourth Amended Complaint, but deny all other allegations.

108. Defendants admit that Section 3.02(w) of the document attached as Exhibit A contains the language quoted in Paragraph 108 of the Fourth Amended Complaint, but deny all other allegations.

109. Defendants admit that Section 3.03(a) of the document attached as Exhibit A contains the language quoted in Paragraph 109 of the Fourth Amended Complaint, but deny all other allegations

110. The Defendants admit that Section 3.03(a) of the document attached as Exhibit A contains the language quoted in Paragraph 110 of the Fourth Amended Complaint, but deny all other allegations.

111. Defendants deny the allegations of Paragraph 111 of the Fourth Amended Complaint.

112. Defendants admit that Section 3.03(b) of the document attached as Exhibit A contains the language quoted in Paragraph 112 of the Fourth Amended Complaint, but deny all other allegations.

113. Defendants admit that Section 3.03(b) of the document attached as Exhibit A contains the language quoted in Paragraph 113 of the Fourth Amended Complaint, but deny all other allegations.

114. Defendants admit that Sections 3.03(d) and 6.01 of the document attached as Exhibit A contain the language quoted in Paragraph 114 of the Fourth Amended Complaint, but deny all other allegations.

115. Defendants deny the allegation of Paragraph 115 of the Fourth Amended Complaint.

116. Defendants admit that the documents attached as Exhibit B contain the language quoted in Paragraph 116 of the Fourth Amended Complaint, but deny all other allegations.

117. Defendants admit that the documents attached as Exhibit C contain the language quoted in Paragraph 117 of the Fourth Amended Complaint but deny all other allegations.

118. Defendants deny the allegations of Paragraph 118 of the Fourth Amended Complaint.

119. Defendants admit the allegations of Paragraph 119 of the Fourth Amended Complaint.

120. Defendants admit that Sections 4.01, 4.02 and 4.03(a) of the document attached as Exhibit A contain the language quoted in Paragraph 120 of the Fourth Amended Complaint, but deny all other allegations.

121. Defendants admit that Section 6.05 of the document attached as Exhibit A contains the language quoted in Paragraph 121 of the Fourth Amended Complaint, but deny all other allegations.

122. Defendants admit that at the commencement of the relationship, servicing rights were assigned to Countywide Home Loans Servicing, LP and that following the acquisition of Countrywide by Bank of America Corp. or its affiliates, those servicing rights were transferred to another entity, Bank of America Home Loans Servicing, LP.

123. Defendants admit that Section 4.18 of the document attached as Exhibit A addresses servicer compensation as alleged in Paragraph 123 of the Fourth Amended Complaint, but deny all other allegations.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 124 of the Fourth Amended Complaint and therefore deny such allegations.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Fourth Amended Complaint. Defendants deny the truth of the allegations regarding GFB's findings in Paragraph 125 of the Fourth Amended Complaint.

126.    Defendants deny the allegations of Paragraph 126 of the Fourth Amended Complaint.

127.    Defendants deny the allegations of Paragraph 127 of the Fourth Amended Complaint.

128.    Defendants deny the allegations of Paragraph 128 of the Fourth Amended Complaint.

129.    In response to the allegations in Paragraph 129 of the Fourth Amended Complaint, Defendants admit that GFB sent a letter dated January 16, 2008 that purported to seek repurchase of eight loans and indemnity for certain costs and expenses. Defendants deny the remaining allegations of Paragraph 129 of the Fourth Amended Complaint

130.    Defendants admit the allegations of Paragraph 130 of the Fourth Amended Complaint and deny that GFB was entitled to the remedy demanded in its January 16, 2008 letter.

131.    Defendants deny the allegations of Paragraph 131 of the Fourth Amended Complaint.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 132 of the Fourth Amended Complaint and therefore deny such allegations.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 133 of the Fourth Amended Complaint and therefore deny such allegations.

134. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the scope of any review conducted by GFB as alleged in Paragraph 134 of the Fourth Amended Complaint and therefore deny such allegations. Defendants deny all other allegations of Paragraph 134 of the Fourth Amended Complaint.

135. Defendants deny the allegations of Paragraph 135 of the Fourth Amended Complaint.

136. As the allegations in Paragraph 136 are not related to or incorporated into Counts II, III, IV or V, no answer is required until the resolution of Defendants' Motion to Dismiss Count I of Plaintiff's Fourth Amended Complaint. To the extent an answer is required, Defendants deny all allegations contained in this paragraph.

137. In response to the allegations of Paragraph 137 of the Fourth Amended Complaint Defendants admit that GFB's counsel sent a letter dated May 20, 2010 that purported to seek repurchase of certain loans and indemnity for certain costs and expenses   Defendants deny that the May 20, 2010 letter constituted proper notice under the relevant agreement and deny all other allegations in Paragraph 137.

138. In response to the allegations of Paragraph 138 of the Fourth Amended Complaint, Defendants admit that it did not repurchase any loans identified in GFB's January 16,

2008 letter. Defendants deny all other allegations in Paragraph 138 of the Fourth Amended Complaint.

139. In response to the allegations of Paragraph 139 of the Fourth Amended Complaint, Defendants admit that they have refused to repurchase the loans identified in either the January 16, 2008 or May 20, 2008 letters or to provide any other relief sought in those letters, but deny that repurchase is appropriate or that GFB is entitled to any relief sought in those letters. Defendants deny the remaining allegations of Paragraph 139 of the Fourth Amended Complaint.

140. In response to the allegations of Paragraph 140 of the Fourth Amended Complaint, Defendants admit that the loans identified on Exhibit D were identified in either the January 16, 2008 or May 20, 2008 letters. Defendants deny the remaining allegations of Paragraph 140 of the Fourth Amended Complaint.

141. Defendants deny the allegations of Paragraph 141 of the Fourth Amended Complaint.

142. Defendants deny the allegations of Paragraph 142 of the Fourth Amended Complaint.

143. Defendants deny the allegations of Paragraph 143 of the Fourth Amended Complaint.

144. Defendants deny the allegations of Paragraph 144 of the Fourth Amended Complaint.

145. Defendants deny the allegations of Paragraph 145 of the Fourth Amended Complaint.

146. Defendants admit that at the commencement of the relationship, servicing rights were assigned to Countywide Home Loans Servicing, LP and that following the acquisition of Countrywide by Bank of America Corp. or its affiliates, those servicing rights were transferred to another entity, Bank of America Home Loans Servicing, LP.  Defendants admit that Paragraph 146 of the Fourth Amended Complaint allegedly references the Purchase Agreement, which speaks for itself and is the best evidence of its content.

147. In response to the allegations of Paragraph 147 of the Fourth Amended Complaint, Defendants admit that Section 5.04 of Exhibit A makes reference to obligations regarding an "Annual Statement as to Compliance." Defendants deny the remaining allegations of Paragraph 147 of the Fourth Amended Complaint.

148. In response to the allegations of Paragraph 148 of the Fourth Amended Complaint, Defendants admit that Section 5.05 of Exhibit A makes reference to obligations regarding an "Annual Independent Certified Public Accountants' Servicing Report."  Defendants deny the remaining allegations of Paragraph 148 of the Fourth Amended Complaint.

149. Defendants deny the allegations of Paragraph 149 of the Fourth Amended Complaint.

150. Defendants deny the allegations of Paragraph 150 of the Fourth Amended Complaint.

151. Defendants admit that Section 5.02(b) of the document attached as Exhibit A contains the language quoted in Paragraph 151 of the Fourth Amended Complaint, but deny all other allegations.

152. Defendants admit that Section 2.05(c) of the document attached as Exhibit A contains the language quoted in Paragraph 152 of the Fourth Amended Complaint, but deny all other allegations.

153. Defendants deny the allegations of Paragraph 153 of the Fourth Amended Complaint.

154. In response to the allegations in Paragraph 154 of the Fourth Amended Complaint, Defendants admit that the servicing obligations described in the Purchase Agreement apply to loans purchased pursuant to that agreement, unless excluded from the scope of the servicing obligations. As Paragraph 154 does not identify any particular loans, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 154 of the Fourth Amended Complaint and therefore deny them.

155. Defendants deny the allegations of Paragraph 155 of the Fourth Amended Complaint.

156. As the allegations in Paragraphs 156-171 are not related to or incorporated into Counts II, III, IV or V, no answer is required until the resolution of Defendants' Motion to Dismiss Count I of Plaintiff's Fourth Amended Complaint. To the extent an answer is required, Defendants deny all allegations contained in these paragraphs.

**Second Cause of Action against CHL**
**(Breach of Contract – Breach of Section 3.03 Obligation to Repurchase Loans)**

172. CHL realleges its corresponding responses to paragraphs 11-13, 88-90, 92-115, and 125-142, above, as if fully set forth herein.

173. CHL denies the allegations of Paragraph 173 of the Fourth Amended Complaint.

174. CHL denies the allegations of Paragraph 174 of the Fourth Amended Complaint.

175. CHL denies the allegations of Paragraph 175 of the Fourth Amended Complaint and deny that the May 20, 2010 letter constituted demand as required.

176. Defendants[2] deny the allegations of Paragraph 176 of the Fourth Amended Complaint.

177. CHL denies the allegations of Paragraph 177 of the Fourth Amended Complaint.

**Third Cause of Action against CHL**
**(Breach of Contract – Failure to Deliver Loans**
**Pursuant to Non-Conforming Underwriting Criteria)**

178. CHL realleges its corresponding responses to paragraphs 11-13, 88-90, 92-99, 104, 116-118, 125-126, 134, 143-145, and 176, above, as if fully set forth herein.

179. CHL admits the allegations of Paragraph 179 of the Fourth Amended Complaint.

180. CHL denies the allegations of Paragraph 180 of the Fourth Amended Complaint.

181. CHL denies the allegations of Paragraph 181 of the Fourth Amended Complaint.

182. CHL denies the allegations of Paragraph 182 of the Fourth Amended Complaint.

183. CHL denies the allegations of Paragraph 183 of the Fourth Amended Complaint.

**Fourth Cause of Action against CHL and BAC**
**(Breach of Contract –Loan Servicing)**

184. Defendants reallege their corresponding responses to paragraphs 14, 88-92, 104, 119-123, 146-155, and 176, above, as if fully set forth herein.

185. Defendants deny the allegations of Paragraph 185 of the Fourth Amended Complaint.

186. Defendants deny the allegations of Paragraph 186 of the Fourth Amended Complaint.

---

[2] Plaintiff realleges Paragraph 176 in Paragraph 184, within Plaintiff's Fourth Cause of Action against CHL and BAC.

187. Defendants deny the allegations of Paragraph 187 of the Fourth Amended Complaint.

188. Defendants deny the allegations of Paragraph 188 of the Fourth Amended Complaint.

189. Defendants deny the allegations of Paragraph 189 of the Fourth Amended Complaint.

### Fifth Cause of Action against CHL
### (Contractual Indemnification of Losses and Attorneys' Fees)

190. CHL realleges its corresponding responses to paragraphs 13-14, 88-135, 137-155, and 176, above, as if fully set forth herein.

191. CHL admits that Sections 3.03(d) and 6.01 of Exhibit A contain the language quoted in Paragraph 191 of the Fourth Amended Complaint, but deny all other allegations.

192. CHL denies the allegations of Paragraph 192 of the Fourth Amended Complaint and further deny that GFB has made appropriate demand or that GFB is entitled to indemnity.

193. CHL denies the allegations of Paragraph 193 of the Fourth Amended Complaint.

194. CHL denies the allegations of Paragraph 194 of the Fourth Amended Complaint.

195. CHL denies that GFB is entitled to any relief sought by its Fourth Amended Complaint.

196. Any remaining allegations in the Fourth Amended Complaint that have not been expressly admitted are hereby denied.

**HEADINGS AND SUBHEADINGS**

197. Defendants are not required to respond to the headings and subheadings with the Fourth Amended Complaint. To the extent a response is required, Defendants deny any averments in the headings or subheadings of the Fourth Amended Complaint.

**STATEMENT AS TO APPLICABLE LAW**

198. The Agreement subject of this action is to be governed by and construed in accordance with the laws of the State of California applicable to agreements entered into and wholly performed within that state.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

199. Plaintiff has waived in whole or in part the right to bring these claims for or by reason of the following:

a. By failing to exercise its rights under the Mortgage Loan Purchase and Servicing Agreement ("Purchase Agreement") to examine the Preliminary Loan Package and determining which of the loans in that package it wished to purchase;

b. By failing to inspect or examine the loan files at or prior to closing on the subject transaction;

c. By failing to exercise post-closing diligence rights provided to it per the terms of the Purchase Agreement;

d. By failing to exercise its inspection rights as provided pursuant to the terms of the Purchase Confirmations executed by it in connection with the subject transactions, and attached as exhibits to Plaintiff's complaint;

e. By failing to demand complete loan files, if any were, in fact, incomplete;

 f. By failing to inspect all of the Mortgage Loan files at such time as it came to Plaintiff's attention, as alleged in Paragraph 98, that some of the Mortgage Loans were not in conformity with the Purchase Agreement;

 g. By failing to follow its own policies and procedures requiring it to re-underwrite the Mortgage Loans that were the subject of the Purchase Agreement before purchasing them;

 h. By reason of Plaintiff's agreement in the Re-Purchase Letter Agreement (Deal No. 2006-08-211) whereby GFB agreed, inter alia, that it had completed its post-closing due diligence review of the Mortgage Loans and had accepted Mortgage Loans for repurchase and retention;

 i. By failing to raise any issues discovered in diligence beyond the loans repurchased in 2006;

 j. By approving actions by CHL or BACHLS as servicer of the Mortgage Loans;

 k. By failing to timely respond to inquiries regarding actions to be taken by CHL or BACHLS and/or approve such actions; and

 l. By the contracts between the parties and by the contractual remedies and limitations contained in the parties' agreements.

## SECOND DEFENSE

200. Plaintiff is estopped to bring these claims in whole or in part for the reasons set forth in Paragraph 199 above.

## THIRD DEFENSE

201. Plaintiff has ratified the subject transactions by reason of the conduct set forth in Paragraph 199 above.

**FOURTH DEFENSE**

202. Plaintiff's claims are barred in whole or in part because GFB failed to mitigate its damages by: failing to demand complete loan files, if any were, in fact, incomplete; failing to timely inspect the Mortgage Loan files as set forth in Paragraph 199 above; failing to comply with its own policies and procedures requiring re-underwriting of the Loans; failing to timely bring to Defendants' attention that Plaintiff had not complied with its obligations to review the Mortgage Loan files, pre-closing and/or post-closing; failing to review all of the Mortgage Loan files in 2006 when it conducted its alleged limited diligence; failing to raise any issues discovered in diligence beyond the loans repurchased in 2006; and failing to timely respond to inquiries regarding actions to be taken by CHL or BACHLS and/or approve such actions.

**FIFTH DEFENSE**

203. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy conditions precedent imposed by the terms of the Purchase Agreement requiring Plaintiff to give timely notice to Defendants specifying the alleged defects with the subject Mortgage Loans with appropriate sufficiency for Defendants to determine compliance, or not, with the contractual representations and warranties. By reason of Plaintiff's failure to act promptly and reasonably and with due diligence, Defendants were the denied the opportunity to rescind the transaction, to refuse to proceed with the transactions, or repurchase any or all of the Mortgage Loans in a more timely fashion so as to have a better chance for recovery thereon.

**SIXTH DEFENSE**

204. Plaintiff's claims are barred, in whole or in part, by superseding and intervening causes of any alleged damages. If Plaintiff suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by

Defendants, including but not limited to, macroeconomic and mortgage industry events, real estate market conditions, unemployment and general economic trends.

### SEVENTH DEFENSE

205. Plaintiff's claims are barred, in whole or in part, to the extent that, as to any of the Mortgage Loans sued upon, CHL entered into a qualified loss mitigation plan in accordance with standard industry practice or pursuant to applicable federal or state law.

WHEREFORE, having answered the Fourth Amended Complaint and stated their affirmative defenses thereto, Defendants, Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP, demand judgment in their favor, costs of this action, attorneys fees and such other and further relief as this Honorable Court deems just and proper.

DATED: May 6, 2011

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
*Attorneys for Defendants*
One Biscayne Tower, Suite 3400
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305.376.6000
Facsimile:  305.376.6010

By:   */s/ Raymond V. Miller*
  William E. Adams, Jr.
  Florida Bar No.: 0467080
  Email:  badams@gunster.com
  Raymond V. Miller, Esq.
  Florida Bar No.:  328901
  Email:  rmiller@gunster.com
  Ana D. Johnson, Esq.
  Florida Bar No.: 0111384
  Email: ajohnson@gunster.com
  Allison J. Cammack, Esq.
  Florida Bar No.: 17224
  Email: acammack@gunster.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record and parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Raymond V. Miller*
Raymond V. Miller

**SERVICE LIST**

**Grossman Roth, P.A.**
David Buckner, Esq.
Robert Cecil Gilbert, Esq.
Seth Miles, Esq.
2525 Ponce de Leon Blvd.
Suite 1150
Coral Gables, FL  33134
Telephone:  888.296.1681
Facsimile:   305.285.1668
Email:  dbu@grossmanroth.com
Email:  rcg@grossmanroth.com
Email:  sem@grossmanroth.com

**Miller & Wrubel P.C.**
Claire L. Huene, Esq.
Charles R. Jacob III, Esq.
Joel M. Miller, Esq.
Jeremy M. Sher, Esq.
570 Lexington Avenue
New York, NY  10022
Telephone:  212.336.3500
Facsimile:   212.336.3555
Email:  CHuene@mw-law.com
Email:  CJacob@mw-law.com
Email:  JMiller@mw-law.com
Email:  JSher@mw-law.com

JAX_ACTIVE 928686.2